UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CLAUDE CHRISTOPHER JOHNSON** <br> **REG. # 05056-043** | **:** | **DOCKET NO. 19-cv-0241** <br> **SECTION P** |
| **VERSUS** | **:** | **UNASSIGNED DISTRICT JUDGE** |
| **WARDEN MYERS** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2241, by Claude Christopher Johnson. Doc. 1. Johnson is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

**I.**
**BACKGROUND**

Johnson brings this petition to challenge the BOP's refusal to afford him credit for time spent in state custody on a ten-year federal sentence imposed by the United States District Court for the Southern District of Mississippi, on July 15, 2010. Doc. 1; *see United States v. Johnson*, No. 2:10-cv-0006, doc. 20 (S.D. Miss. Jul. 21, 2010). Specifically, he complains that the BOP calculates his sentence as only beginning upon his release from state custody on October 17, 2014, rather than on the date it was imposed. Doc. 1, p. 1.

In support of his claim, Johnson attaches a portion of the transcript from his sentencing. There the court stated:

> Having considered the presentence report and 3553(a) factors, it's the judgment of the court that Claude Christopher Johnson is hereby committed to the custody of the Bureau of Prisons for a term of 120 months as to Count 2 to be served concurrently the with supervised release revocation, concurrently with the balance. That means you'll serve whatever the balance of that revocation is, you'll serve 10 days – 10 years – I'm sorry, 120 months from today. It's not running consecutively, but you're not getting credit for the time that you have served previous to today toward the 120-month sentence.
> This is . . . consecutive with the balance of the revocation in [Southern District of Mississippi criminal cases 2:98-cr-18 and 2:03-cr-29].

Doc. 1, att. 2, p. 2. A short time later, Johnson's counsel stated that he did not believe Johnson had served "any of his revocation time" and that he was "currently in state custody in Jones County." *Id.* at 3. The court responded: "**Well, then he won't get any credit for anything.** I mean he'll serve 10 years, or 120 months from today." *Id.* (emphasis added). Accordingly, Johnson argues that the state and federal sentences were meant to run concurrently. Doc. 1, p. 1.

Johnson exhausted this claim through the BOP, and the BOP Regional Office responded by noting that he had been placed in state custody in 2009 for burglarizing two businesses. Doc. 1, att. 2, p. 4. As a result of this new criminal conduct, his federal terms of supervised release on two prior convictions were revoked and he was sentenced to 24 months on one of the revocations and 20 months on the other, with these terms ordered to run concurrent to each other but consecutive to his anticipated state sentence. *Id.* Based on the burglaries he was also charged with theft of firearms in federal court, receiving the above-described 120 month sentence on July 15, 2010. The Regional Office went on to note:

> The court ordered this term to run concurrently with your supervised release revocation terms. However, the Judgment in a Criminal Case did not specify whether this term was to run concurrently with or consecutively to your state sentence. Therefore, pursuant to 18 U.S.C. § 3584(a), this term is statutorily presumed to be consecutive to your state sentence.
> Consistent with <u>Barden v. Keohane</u>, 921 F.2d 476 (3rd Cir. 1990), the Bureau of Prisons may consider an inmate's request for presentence credit toward a federal sentencing for time spent serving a state sentence as a

> request for concurrent service of the federal sentence via *nunc pro tunc* designation. The Bureau must consider an inmate's request for concurrent service of the state and federal sentences. However, in accordance with our policy, a designation for concurrent service of sentence is made only when it is consistent with the intent of the sentencing federal court, or with the goals of the criminal justice system.
>
> The judge who revoked your supervised release terms expressly ordered your supervised release revocation terms to run consecutively to your state sentence. Additionally, in a recently issued order, the judge who imposed your firearms theft sentence stated, "the Federal time does not begin until he has completed the State sentence. The sentence from this Court is for 120-months from the date he began serving his federal time."

*Id.*; *see Johnson*, No. 2:10-cr-0006, at doc. 29 (above-referenced order, issued on February 15, 2017).

The Regional Office found that, based on the federal courts' expressed preference in the revocation sentencings and the February 2017 order, the petitioner was not eligible for *nunc pro tunc* designation. Doc. 1, att. 2, p. 5. Johnson appealed this ruling to the BOP's Central Office, which noted that he had been in Mississippi state custody from July 22, 2009, save for time released to the United States Marshals Service on a federal writ, for his eventual state convictions for burglary and escape from jail. *Id.* at 6. Johnson was sentenced to eight years' imprisonment on those convictions on August 21, 2010. *Id.* Accordingly, the Central Office reiterated the Regional Office's findings with respect to the federal court's intent and upheld the denial of *nunc pro tunc* designation. *Id.* at 6–8.

Johnson challenges these rulings, asserting that the federal court clearly announced its intention at sentencing that he receive credit toward his federal sentence from that day onward. Doc. 1. He also appears to argue that the BOP erred in relying on the federal court's 2017 order, because that order incorrectly referred to the state sentence as having already been imposed. *Id.*; *see* doc. 1, att. 2, pp. 9–10 (petitioner's handwritten notes on February 2017 order).

## II.
### LAW & ANALYSIS

### A. Screening of Habeas Corpus Petitions

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Section 2241

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Under 18 U.S.C. § 3585(b), the authority to grant or deny credit for time served is specifically reserved to the United States Attorney General and delegated to the Bureau of Prisons. *United States v. Wilson*, 112 S.Ct. 1351, 1353–54 (1992); *see also United States v. Jack*, 566 Fed. App'x 331, 332 (5th Cir. 2014). The federal sentencing court, however, may order a term of

imprisonment to run concurrently or consecutively with an anticipated but not yet imposed state sentence. *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000).

A district court may review a challenge to the BOP's refusal to make a *nunc pro tunc* designation through a § 2241 petition, after the BOP has made a final decision on same. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). Where a federal sentence is imposed before a state sentence, the BOP may indirectly award credit for time served by designating *nunc pro tunc* the state prison as the place in which the prisoner serves a portion of his federal sentence. *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

The procedure for evaluation of a request for *nunc pro tunc* designation is laid out in *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990). *See, e.g.*, *Hunter v. Tamez*, 622 F.3d 427, 429 (5th Cir. 2010). The BOP typically contacts the judge who imposed the federal sentence in order to determine whether the judge intended that the federal sentence run consecutively or concurrently. *Id.* In accordance with BOP policy, a designation for concurrent service of sentence is made only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system. *See* BOP Program Statement 5160.05, p. 4, *available at* https://www.bop.gov/policy/progstat/5160_005.pdf. The BOP's decision on such a request is "entitled to substantial deference" and can only be overturned on a showing that the agency abused its discretion. *Branch v. Pearce*, 2015 WL 3936166, at *3 (W.D. Tex. Jun. 26, 2015) (quoting *Fegans v. United States*, 506 F.3d 1101, 1105 (8th Cir. 2007)).

C. *Application to Johnson's Petition*

Johnson alleges that the BOP erred in its designation because it improperly relied on the federal court's order clarifying that the sentences should run concurrently rather than its statement that the federal sentence would run "from today."

"Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003); *see* 18 U.S.C. § 3584(a). This rule applies even if the state court sentence is still merely anticipated rather than imposed. *Branch v. Pearce*, 2015 WL 3936166, at *3–*4 (W.D. Tex. Jun. 26, 2015) (citing *Hunter*, 622 F.3d at 428–31 & n. 4 (5th Cir. 2010)). The transcript excerpts above reflect that the sentencing judge's reference to concurrent sentences applied only to the revocation terms. Accordingly, the sentencing court was silent on the question of whether Johnson's federal sentence would run consecutively or concurrently to his anticipated state sentences. The fact that those sentences were only anticipated at the time Johnson received his final federal sentence does not alter the court's ability to determine that the federal sentence would run concurrently, if it chose, nor does it undermine the presumption that the sentences should run consecutively. Johnson shows no error, much less abuse of discretion, to the BOP's reliance on the sentencing court's 2017 order or its denial of *nunc pro tunc* designation. Accordingly, his petition is plainly without merit and should be dismissed.

### III.
#### CONCLUSION

For the reasons provided above, the petition should be **DENIED** and **DISMISSED WITH PREJUDICE** under Rule 4 of the Rules Governing § 2254 Proceedings in the United States District Courts.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

-7-

Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    THUS DONE AND SIGNED in Chambers this 13th day of March, 2019.

                                    */s/ Kathleen Kay*
                                    KATHLEEN KAY
                         UNITED STATES MAGISTRATE JUDGE